**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Fader,<br><br>        Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>        Defendants. | No. CV 12-01184-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 39) and Defendants' motion for a ruling regarding their motion to dismiss (Doc. 40). Defendants' motions are unopposed. The Court grants Defendants' motions for the following reasons.

**I.     BACKGROUND**

On May 3, 2013, Plaintiff's counsel filed a motion to withdraw as counsel of record for Plaintiff in part because of "counsel's inability to communicate with his client." (Doc. 33). Counsel stated that all attempts to locate or communicate with Plaintiff since April 3, 2013 had been unsuccessful. (*Id*. at 2). The Court granted Plaintiff's counsel's motion. (Doc. 35). Mail sent from the Court to Plaintiff has been subsequently returned as undeliverable. (Doc. 38). Since April, all attempts to contact Plaintiff by the Court and by defense counsel have been unsuccessful.

On July 16, 2013, Defendants filed the pending motion to dismiss for failure to prosecute. (Doc. 39). Plaintiff failed to respond to the motion to dismiss. Subsequently,

1  on August 22, 2013, Defendants filed the pending motion for summary disposition in lieu
2  of Plaintiff's failure to respond (Doc. 40).  Plaintiff has not responded to this motion
3  either.

4  **II.     ANALYSIS**

5  Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or
6  counsel does not serve and file the required answering memoranda . . . such non-
7  compliance may be deemed a consent to the . . . granting of the motion and the Court may
8  dispose of the issue summarily." LRCiv. 7.2(i).  Local Rule 7.2(c) requires responsive
9  memoranda to be filed within fourteen (14) days after a motion is served.

10  "Failure to follow a district court's local rules is a proper ground for dismissal."
11  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601
12  F.2d 471, 474 (9th Cir. 1979)).  "Although we construe pleadings liberally in their favor,
13  [even] *pro se* litigants are bound by the rules of procedure."  *Id.* at 54 (citing *King v.
14  Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).  In determining whether to dismiss an action
15  for lack of prosecution, the district court is required to weigh several factors: "(1) the
16  public's interest in expeditious resolution of litigation; (2) the court's need to manage its
17  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
18  disposition of cases on their merits and (5) the availability of less drastic sanctions."
19  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ghazali*, 46 F.3d at
20  53.  "The first two of these factors favor the imposition of sanctions in most cases, while
21  the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice
22  and availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.
23  1990).  The Ninth Circuit Court of Appeals "review[s] the 'district court's dismissal
24  pursuant to its local rules for abuse of discretion.  Only in rare cases will [the Court of
25  Appeals] question the exercise of discretion in connection with the application of local
26  rules.'"  *Sekhon v. BAC Home Loans Servicing LP*, 519 F. App'x 971, 972 (9th Cir. 2013)
27  (quoting *Ghazali*, 46 F.3d at 53).

28  In *Ghazali*, the Ninth Circuit Court of Appeals upheld summary dismissal of a 42

1  U.S.C. § 1983 action for the failure to follow a Nevada district court local rule because the
2  *pro se* plaintiff failed to respond to the defendant's motion to dismiss. *Ghazali*, 46 F.3d at
3  53. The Nevada rule, like Local Rule 7.2(i), considered the failure to file a response to a
4  motion to "constitute a consent to the granting of the motion." *Id*. (quoting D. Nev. R.
5  140-6). The Court of Appeals reasoned that the dismissal was proper because the *pro se*
6  plaintiff was bound by the rules of procedure, and was given notice of the motion and
7  ample time to respond. *Id*. at 54 (citing King, 814 F.2d at 567).

8  Like the plaintiff in *Ghazali*, Plaintiff in this case has not responded to
9  Defendants' motion to dismiss and has made no attempt to contact his own former
10 counsel, defense counsel, or the Court. As noted in *Wanderer*, the first two factors—
11 expeditious resolution and docket management—generally favor dismissal. *Wanderer*,
12 910 F.2d at 656. They weigh especially heavily here because of Plaintiff's total failure to
13 respond to Defendants' dispositive motion.

14 The third factor also favors Defendants. There is risk of prejudice to Defendants
15 to deny the motion. Analyzing this factor poses virtually the same considerations as those
16 in *Ghazali*, as that case also involved a litigant in exactly the same procedural position.
17 Thus, under *Ghazali*, this factor also favors dismissal.

18 While the public policy favoring resolution on the merits weighs against dismissal,
19 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002), it is no more compelling here
20 than it was in *Ghazali*. Accordingly, this factor weighs only slightly against dismissal.

21 The final factor requires the Court to consider the availability of less drastic
22 sanctions. Defendants have moved for the Court to dismiss the Complaint with prejudice.
23 The Court could grant Defendants' motion without prejudice as a less drastic sanction.
24 Plaintiff is now a *pro se* litigant. Plaintiff has also been given ample opportunity to
25 communicate with his former counsel, or at a minimum communicate with this Court and
26 Defendants. Further, Plaintiff has had time to respond to Defendants' motion to dismiss
27 and to move for an extension of time to file a response and has not done so. Thus, in
28 weighing this last factor, the Court finds that dismissal without prejudice is the only

acceptable less drastic sanction in this case.

In sum, the five-factor analysis supports dismissal of this case for failure to respond to the motion to dismiss. The Court's decision to grant the motion in these circumstances is further supported by the fact that it is premised upon a local rule that expressly permits the Court to summarily grant unopposed motions. *Ghazali*, 46 F.3d at 53 (quoting *Warren*, 601 F.2d at 474 ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.)). Defendants' motion to dismiss will therefore be granted based on Plaintiff's failure to respond. *See* LRCiv 7.2(i).

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss for failure to prosecute (Doc. 39) is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Disposition (Doc. 40) is granted.

**IT IS FURTHER ORDERED** that this case is dismissed without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment accordingly.

Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge